HUNT v. ARCHIBALD et al.

(Circuit Court, D. Massachusetts. May 29, 1897.)

PATENTS—NOVELTY—FIRECRACKERS.

The Hunt patent, No. 547,921, for an improved firecracker, in which the fuse is held in place by a portion of the tube forced in and down to form ridges, extending towards the fuse, and forming a rosette with the fuse projecting from its center, is void for want of novelty, considering the prior state of the art.

This was a suit in equity by Edmund S. Hunt against Thomas Archibald and others for alleged infringement of a patent relating to firecrackers. On final hearing.

Maynadier & Mitchell, for complainant.

George O. G. Coale, for defendants.

COLT, Circuit Judge. This is a bill in equity, brought for the infringement of letters patent No. 547,921, granted to the complainant October 15, 1895, for an improved firecracker. The specification describes the invention as follows:

"My invention relates to closing the paper case or tube about the fuse or igniting device; and it consists in a firecracker in which the fuse is held in place by a portion of the tube forced in and down to form ridges, which extend toward the fuse, and cause the portion bent in to form a rosette, with the fuse projecting from its center, as will be plain from the drawings, which show a rosette formed by crimping in the inner portion of the tube. A, along six radial lines, a, these lines slanting upward, and meeting at their inner ends about the fuse, B."

The drawings show a tool for making a rosette, and the specification further declares that:

81 F.—25

"My invention is the fuse held firmly by a rosette formed by forcing a portion of the tube inwardly and downwardly to form radial tapering grooves deepest at their outer ends."

Fig. 2 below is a perspective view of the Hunt firecracker with a portion cut away, and Fig. 5 is a perspective view of the tool or crimper for securing the fuse in place.

The claims are as follows:

"(1) Tube, A, and fuse, B, combined by means of the rosette formed of portions of the tube crimped in by radial tapering grooves, substantially as set forth. (2) Tube, A, with its outer portion cylindrical at and near the fuse end, but with its inner portion at that end forced in to form a rosette as described, combined with fuse, B, extending through and held by that rosette, substantially as and for the purposes specified."

The defendants contend that the patent is void for want of patentable novelty, and this is the most serious question in the case. In a prior patent granted to the complainant October 14, 1890, we find described the identical tool for crimping in portions of the tube of a firecracker in the form of a rosette with radial tapering grooves which is set out in the patent in suit, the only difference being that in the latter there is a central or axial hole in the tool for the insertion of the fuse. This earlier tool was designed to close the butt end of the cracker. The Masten firecracker patent of July 7, 1885, describes an anvil with a hole through its center to hold the fuse

during the operation of plugging. In this device a clay plug is used. In the old Brown cracker the fuse is retained in place by tamping or driving down the inner portion of the end of the tube; in other words, the fuse is held by a plug integral with the tube. We find, therefore, that at the date of the Hunt invention in suit, the rosette plug for closing the end of the tube was old; that a hole in the center of the tool to hold the fuse was old; and that the holding of the fuse by pressing down and around it the inner portion of the end of the tube was old. Assuming that Hunt had before him his prior tool for making a rosette plug, the old Brown cracker, in which the fuse was firmly held by crushing down the layers of paper composing the inner portion of the tube, and the Masten anvil, with a central or axial hole, it does not seem to me that there was any invention in the combination of the tube, fuse, and rosette plug, which constitutes the patent in suit; or, to state the proposition in another form, there is no invention in the application of the old Hunt rosette plug to the fuse end of a firecracker. Indeed, Hunt himself says that he made the first crackers like that described in the patent in suit with his old tool. His testimony on this point is:

"I used the same tool that I used previously in making the cracker before. I placed the case over the mandrel; then I put my fuse in, and drove the choking tool down upon it, and found that that closed the end of the case. The tool that I used for this occasion was a solid tool; a tool that I had."

In view of the prior state of the art, the patent in suit is held to be void for want of patentable novelty. Bill dismissed, with costs.